George **MORAN**, Plaintiff, Appellant,

v.

Marvin **HOGAN**, Defendant, Appellee.

No. 73–1391.

United States Court of Appeals, First Circuit.

Argued March 7, 1974.

Decided April 10, 1974.

David A. Wylie, Boston, Mass., by appointment to the Court, with whom Martin, Morse & Wylie, Boston, Mass., was on brief, for appellant.

William A. Brown, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before ALDRICH, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

George Moran was convicted by a jury of possession of $7,000 in counterfeit ten dollar bills, in violation of 18 U.S.C. § 472 (1970). At his trial the defense presented no witnesses. Instead, it relied on alleged insufficiency of the government's evidence, a point on which the district court denied a motion for directed verdict of acquittal. This court affirmed the conviction on appeal, United States v. Moran, 470 F.2d 742 (1st Cir. 1972), and Moran began serving a four year prison sentence.

In August 1973 Moran filed *pro se* what he labeled a "petition for writ of habeas corpus." The district court appears to have treated it properly as a motion to vacate sentence and set aside the conviction under 28 U.S.C. § 2255 (1970). In the petition Moran stated a

variety of grounds for relief, including a claim that he was denied effective assistance of counsel at trial. The district court, upon recommendation of the magistrate, dismissed the petition on all grounds without ordering an evidentiary hearing. Moran appeals, contending that at the least he was entitled to an evidentiary hearing on his claim of ineffective counsel. The appeal also raises a question concerning our recent decision in O'Shea v. United States, 491 F.2d 774 (1st Cir. 1974). For the reasons which follow, we affirm.

■ Section 2255 requires a hearing on any prisoner claim thereunder "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Under this standard, a hearing generally is not necessary when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. The first category is by far the more significant.[1] It encompasses motions which state grounds for relief not cognizable at all

under § 2255,[2] as well as motions which contain only "bald" assertions of cognizable claims without adequate supporting factual allegations.[3] As to the latter, a district court can often "test" the adequacy of accompanying factual allegations by assuming *arguendo* their truth, and then assessing their sufficiency in light of the relevant constitutional standards and the record. Essentially, that is what the district court did here.

■ To prevail on his § 2255 claim of ineffective counsel, Moran had to establish that his representation at trial was "such as to make the trial a mockery, a sham or a farce." Bottiglio v. United States, 431 F.2d 930, 931 (1st Cir. 1970) (per curiam), *quoting* Johnson v. United States, 380 F.2d 810, 812 (10th Cir. 1967).[4] In support of his claim, Moran submitted an affidavit from his ex-wife in which she alleged that Moran's trial counsel refused to let her testify for the defense. Mrs. Moran said that if she had been allowed to testify she would have provided a partial alibi for her husband[5] and also impeached portions

1. The second category is limited to motions whose claims are predicated on facts inside the record, because only as to these can a district court know definitely, without a hearing, whether the petitioner's facially adequate supporting allegations are in fact untrue. *See* Sanders v. United States, 373 U.S. 1, 20, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

2. Section 2255 is available only for constitutional claims. *See generally* Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969).

3. *See* Sanders v. United States, *supra*, 373 U.S. note 2, at 19, 83 S.Ct. 1068; Dirring v. United States, 370 F.2d 862, 864–865 (1st Cir. 1967); Desmond v. United States, 333 F.2d 378, 380–381 (1st Cir. 1964).

4. The Sixth Circuit recently joined the Fifth Circuit in abandoning this standard for determining effectiveness of counsel. *See* Beasley v. United States, 491 F.2d 687 (6th Cir. 1974) (§ 2255 proceeding); West v. Louisiana, 478 F.2d 1026 (5th Cir. 1973) (habeas corpus proceeding). *See also* United States v. DeCoster, 487 F.2d 1197,

1201–1204 (D.C.Cir.1973) (direct appeal); Johnson v. Vincent, 370 F.Supp. 379 (S.D. N.Y.1974). The standard for counsel presently applicable in the Fifth and Sixth Circuits is that which is "reasonably likely to render and rendering reasonably effective assistance." The instant case is an inappropriate one for reassessment of this circuit's standard because the alleged defect in counsel's performance here was too insubstantial under either standard. *See* United States v. Rubin, 433 F.2d 442, 444–445 (5th Cir. 1970), cert. denied, 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228 (1971).

5. A government undercover agent testified that at about 11 a. m. November 10, 1970, he observed Moran arrive at a particular location in a 1964 Oldsmobile, and deliver a bag containing $7,000 in counterfeit bills. Mrs. Moran alleged that she would have testified that on November 10, 1970, her husband did not pick up her 1964 Oldsmobile from her place of employment until 11:30 a. m., so that he could not have made the delivery at the particular time specified by the government witness.

of the testimony of government witnesses.[6]

■ The magistrate, in recommending dismissal of Moran's § 2255 petition, rejected the adequacy of Mrs. Moran's affidavit—assuming *arguendo* its truth —in summary terms.[7] The district court in a brief order approved the magistrate's recommendations and dismissed the petition. Although we disapprove of the summary nature of the magistrate's opinion, *see infra*, we agree, after our own review of the record, with his ultimate conclusion, adopted by the district court. The alleged failure of Moran's trial counsel to call Mrs. Moran as a witness was a question of trial tactics. As a general rule, postconviction quarrels as to such tactics cannot be found to constitute an unconstitutional deprivation of effective assistance of counsel. "Errors, even egregious ones, in this respect do not provide a basis for postconviction relief." United States v. Rubin, 433 F. 2d 442, 445 (5th Cir. 1970), cert. denied, 401 U.S. 945, 91 S.Ct. 961, 28 L.Ed.2d 228 (1971); *accord*, United States v. Hester, 489 F.2d 48, 50 (8th Cir. 1973) (per curiam). To be sure, there have been exceptional cases. *See, e. g.*, Fortner v. Balkcom, 380 F.2d 816 (5th Cir. 1967) (attorney allegedly failed to call a witness who would have testified, supported by other uncalled witnesses, that she committed the murder). But the instant case is in no way exceptional. Moran's trial counsel may well have concluded that his wife's purported alibi would seem so incredible to the jury, in view of the extensive government evidence to the contrary, that her testimo-

ny could only hurt Moran's cause. We will not second-guess the matter at this point. Moreover, we note that Moran's counsel acted diligently in his defense. He filed several pretrial motions, vigorously cross-examined the government witnesses, and filed a notice of appeal after the jury verdict. *Cf.* Dario Sanchez v. United States, 256 F.2d 73 (1st Cir. 1958). At that point, Moran fired him and retained new counsel. We can well understand Moran's unhappiness and dissatisfaction with the trial's outcome. However, we can see no sixth amendment deprivation.

■ Finally, we feel constrained to comment on the magistrate's opinion. In *O'Shea, supra*, this court held that magistrates have a basic obligation under the Federal Magistrates Act, 28 U.S.C. § 631 et seq. (1970), to furnish in their reports "a full account of all argumentatively relevant matters to enable the court to make the appraisal." 491 F.2d at 777. The magistrate's opinion in the instant case, filed well before *O'Shea*, did not comply with this standard. *See* n. 7 *supra*. However, under the particular facts of the instant case, where the magistrate assumed *arguendo* the truth of Moran's factual allegations, we can see no prejudice to Moran engendered by the summary nature of the magistrate's opinion. It would be a different matter if a magistrate's summary opinion prevented the district court from considering facts and arguments that might have altered the final decision. We therefore affirm, despite the failure to comply with *O'Shea*.

*Affirmed.*

6. Mrs. Moran alleged that she would have disputed government witnesses as to whether they observed Moran in a certain lounge in Revere, Mass., on November 7, 1970, whether a certain car was blue or "dark green turquoise with a white top," and whether a certain street was one-way.

7. "The Court concludes that with respect to Item 4, ineffective assistance of counsel is clearly unsupported by the record. The subsequent affidavit submitted to the Court by Jane Moran does not at this stage of the

proceedings, warrant the issuance of this Writ nor does it warrant a hearing on the merits. The record is sufficiently clear. Even assuming, as we must, that the allegations of the plaintiff in a complaint must be accepted as true, no relief can be obtained under any circumstances by evidence most favorable to the complaining party. [Ballou] v. General Electric, 393 F.2d 398 (1st Cir. 1968). The Court finds that there are no facts here on which relief can be granted."