UNITED STATES of America, Appellee,

v.

Donald A. HELLER,
Defendant, Appellant.

No. 86–1002.

United States Court of Appeals,
First Circuit.

Argued June 6, 1986.

Decided July 30, 1986.

Judy Potter, Portland, Me., for appellant.

David Collins, Asst. U.S. Atty., with whom F. Mark Terison, Asst. U.S. Atty., and Richard S. Cohen, U.S. Atty., Portland, Or., were on brief, for appellee.

Before CAMPBELL, Chief Judge, BOWNES and TORRUELLA, Circuit Judges.

TORRUELLA, Circuit Judge.

This case is before us on appeal brought by Donald Heller from a denial by the United States District Court for the District of Maine of his motion for reduction of sentence filed pursuant to Federal Rule of Criminal Procedure 35. Appellant pleaded guilty to a charge of attempting to willfully and knowingly possess with intent to distribute a quantity of marijuana in excess of one thousand pounds, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(6). Heller was ordered to pay a ten thousand dollar fine and sentenced to a nine year prison term with a special parole term of three years. A few months later, he filed a motion for reduction of sentence, submitting with it a report and sentencing recommendations ("the recommendation") prepared by an organization known as Sentencing Options of Portland, Maine.

On appeal Heller argues that a hearing on his motion was improperly denied because the motion presented new, mitigating evidence that was not available to the court prior to sentencing. He additionally urges a remand because he alleges that the sentence was based upon improper premises: a bizarre strategy whereby Heller, upon the advice and coaching of his attorney, recited at length a theory on the use of marijuana, and stated that his real crime was to disregard the feelings of others. The attorney himself used the majority of his time at the sentencing to challenge the wisdom of laws proscribing the

use and possession of marijuana. Thus, it is now argued on appeal that appellant's views were profoundly misrepresented by his prior attorney, who took up the court's time unduly presenting his own views rather than those of his client.

Heller argues that, under the circumstances of this particular case, he has a right to a hearing on his Rule 35 motion. Citing *United States v. Battaglia*, 478 F.2d 854 (5th Cir.1972) and *United States v. Collins Spencer Catch the Bear*, 727 F.2d 759, 762 (8th Cir.1984) to support his contention that an evidentiary hearing is appropriate, appellant stresses that the "great deal of new information" he wished to present would have shown the court that he was not the arrogant individual, oblivious to the interests of others, that the court believed him to be.

We have stated before that Rule 35 motions do not ordinarily require an opportunity for hearing. *United States v. Foss*, 501 F.2d 522, 529 (1st Cir.1974). The court below, in denying the motion, stated that Heller had not presented any circumstance in support of his motion which was not previously considered by the court or which would justify a reduction of sentence. Our review of the record leads us to the same conclusion.

The presentence report characterizes Heller as the product of an upper middle class environment. The son of well educated parents, he had a prep school education and approximately three years of college. He appears to have entered a rebellious phase evidenced by a long history of minor scrapes with the law, primarily minor traffic violations, which continued until mid 1983. Prior to this transaction, there were three minor incidents involving controlled substances, only one of which resulted in a determination of guilt and a $100 fine for possession of minute quantities of marijuana and cocaine. In the last two years prior to this transaction, Heller appears to have matured and become a more responsible individual. He began a relationship with his fiancee, which seems to have been a positive, stabilizing influence on his life; he opened a wholesale/retail antiques business, and apparently developed some expertise in the field. The presentence report is supplemented by over twenty letters of support for him. The majority of these letters are from antique dealers and others who have had business dealings with Heller in the last couple of years. They describe him as honest, ethical and hardworking, and generally praise him.

In both his Rule 35 motion and his appellate brief Heller alleges that he was denied "an adequate opportunity to present to the court information and argument bearing upon mitigation of sentence or critical testimony of witnesses." Nowhere in either document does he actually specify what this information is. With his motion he filed the sentencing option recommendation. It refers to "relevant information about Don, *that was available at that time* [but] was not presented to the Court." (emphasis supplied). Once again the information is not specified.

The recommendation basically repeats the history provided by the presentence report, somewhat elaborating on the maturity and personal growth that Heller had achieved in the past three years. It also contains information about his rehabilitation since his incarceration, and a release/community-service proposal in which he would like to participate if the court reduced his sentence. It also describes severe hardships and health problems which have been aggravated by the failure to assign him to a minimum security facility as was designated by the court. These physical and financial hardships, however, seem to result from the general problems of imprisonment and the overcrowded prison system and cannot be considered as unexpected or unique to appellant's case. The recommendation is supplemented by a proposal for "social restitution" and more letters of support similar to those supplementing the pre-sentence report. That appellant is being rehabilitated in prison is commendable; that would be the ideal achievement for all prisoners in a perfect prison system. But we cannot draw au-

thority from such positive reform, to enable us to overturn an otherwise legal sentence by a trial judge who was, at the time of sentencing, more intimately familiar with appellant's circumstances than this court. Rather, progressive rehabilitation in our penal system is usually rewarded by parole at the appropriate time.

■ Heller implies that he was denied the opportunity to present character witnesses at the sentencing hearing. We disagree. Although the defendant must be given the chance to inform the court of any mitigating circumstances, he does not have the right to have others testify for him at a sentencing. *United States v. Jackson,* 700 F.2d 181, 191 (5th Cir.), *cert. denied sub nom. Hicks v. United States,* 464 U.S. 842, 104 S.Ct. 139, 78 L.Ed.2d 132 (1983). The failure to place such information before the court was a problem of appellant's own making. Rather than presenting his criminal act as an unfortunate lapse in his newly developed maturity, Heller and his attorney chose the strategy of trying to convince the court that laws regarding marijuana do not serve as a deterrent, that the government's campaign against marijuana was the result of a link between marijuana trafficking and Cuba, and that relevant laws should be reformed.

Appellant had the opportunity to present to the court whatever he felt was in his best interest. He opted to try to convince the court that the mitigating factor in his act was that marijuana was not inherently evil, but merely prohibited. He is not entitled, after the fact of sentencing, to a second opportunity of right.

Heller brings to our attention the American Bar Association Standards for Criminal Justice regarding the right of convicted defendants to afford the sentencing judge an opportunity to reconsider the sentence in light of any further information about the defendant or the case:

"Sentencing is a human process, and it will sometimes happen that a court will respond in a strongly negative fashion to some characteristic of the offender or the offense only later to realize, after reflection, that it has overreacted. ... At other times, new factual information will be developed subsequent to sentencing...." ABA Standard for Criminal Justice, 2d ed. 1980 pp. 18–501 to 18–502.
3 C. Wright, *Federal Practice & Procedure* § 586 n. 1 p. 399 (1982).

In the case at bar, however, the court specifically told counsel for the appellant that *his* line of argument would not be held against his client:

"I certainly hold no animus against you because we disagree, and I certainly, even if I did, would not visit the consequences of that upon your client. In this court, only the good things that counsel do have impact upon their clients. The bad things impact only upon them, so you may be at ease."

Additionally, as stated in the recommendation, the unspecified relevant information about Heller *was* available at the time of sentencing, but was not provided to the court.

We therefore find that the court did not abuse its discretion by failing to grant an evidentiary hearing on Heller's Rule 35 motion where he did not allege facts which were not previously before the court or which could not have been elaborated upon at that time, had he chosen to do so.

*Affirmed.*