Donald A. HELLER, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 87–0244–P.

United States District Court, D. Maine.

March 10, 1988.

---

**6**

Judy Potter, Cape Elizabeth, Me., for petitioner.

Joseph H. Groff, III, Asst. U.S. Atty., Portland, Me., for respondent.

## MEMORANDUM OF DECISION AND ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY (28 U.S.C. § 2255)

GENE CARTER, District Judge.

This matter is before the Court on Petitioner's motion pursuant to 28 U.S.C. § 2255 for post-conviction, collateral relief vacating or setting aside the Court's judgment of conviction and sentence imposed on April 30, 1985. Petitioner pleaded guilty on February 8, 1985 to a charge of attempted possession of a quantity of marijuana in excess of 1,000 pounds, with intent to distribute, a violation of 21 U.S.C. § 846. After a thorough Rule 11 interrogation of Petitioner and his counsel, the Court accepted the plea. There was no plea agreement.

On the instant motion, Petitioner makes three contentions: (1) that his plea was involuntary and unlawfully induced;[1] (2) that he was denied the effective assistance of counsel;[2] and (3) that the portion of his sentence consisting of a Special Parole

---

1. "Ground One" of the motion states as follows:
   Conviction obtained by plea of guilty which was unlawfully induced, not voluntary or with an understanding of the nature of the consequences of the plea.

   Petitioner was not advised of the sentencing consequences of the plea in that Petitioner was told prior to the plea being entered that he would only be required to serve one-third of the time to which he was sentenced no matter what. Petitioner was not told what amount of years of special parole he would serve. Petitioner was not told what the terms and conditions of special parole were. Petitioner was not properly advised of his federal parole eligibility and of the terms and conditions of federal parole. Had Petitioner received accurate information, he would not have pleaded guilty, but would have proceed [sic] to trial. Had Petitioner proceded [sic] to trial it is more probably true than not that the results would have been different.

2. "Ground Two" of the motion states as follows:

   Denial of effective assistance by Counsel.

   Petitioner's counsel was unable to adequately represent him because he was severely medically disabled throughout the case. Petitioner was not informed of the severe nature of the disability until just before the date the trial was scheduled when it was too late for Petitioner to seek new counsel. Petitioner's Counsel did not act in court as he and Petitioner agreed that he should act. Petitioner's Counsel did little or no work on the case and did not develop the defenses of duress or entrapment. He refused to plea bargain on behalf of Petitioner. He changed court documents without Petitioner's permission, he conducted the sentencing hearing in an incompetent manner using the court as a forum for his political views. Had Petitioner been competently represented he would not have pleaded guilty but would have proceeded to trial, received a lesser sentence, or been acquited.

Term of three years was illegally imposed.[3] The Government has responded to the motion, conceding that the Special Parole Term was illegally imposed and that it should be vacated under the rule of *Bifulco v. United States*, 447 U.S. 381, 400, 100 S.Ct. 2247, 2258–59, 65 L.Ed.2d 205 (1980). The Government objected, however, to the remaining two allegations in the motion, and on that basis opposed the granting of the motion. The Government's response is supported by the affidavit of Joseph H. Groff, III, AUSA, dated September 14, 1987, and appended to the Government's response (Docket Item # 3). The affidavit reads *in toto* as follows:

I, Joseph H. Groff, III, on oath, depose and say as follows:

I represented the Government in *United States v. Donald Heller*, Criminal Number 84–0052–P.

Sometime after his arrest, I had a conversation on the first floor of the federal courthouse with Donald Heller and has [sic] counsel, Tom Brand, and explained that the United States was interested in procuring Heller's cooperation and, only if such cooperation was contemplated, the United States was interested in discussing plea negotiations. It was further represented that unless Heller was interested in truthfully cooperating with the United States, this office was not inclined to engage in plea negotiations which involved any type of limitation on the sentencing judge's ability to have at his discretion the full measure of all penalties provided by statute.

I also personally advised Heller and his counsel that in all probability, if convicted, Heller would be called to testify before a grand jury pursuant to a compulsion order and that if he then refused to testify he could be held in civil contempt or, if he testified falsely, he could be prosecuted for perjury.

Subsequently Heller plead [sic] guilty without cooperating and the Court sentenced Heller to less time than recommended by the United States.

Thereafter, Heller was called to testify before the grand jury pursuant to a compulsion order. Heller testified falsely before the grand jury. He was subsequently charged with perjury and entered into a plea agreement whereby he plead [sic] guilty and then cooperated with the United States. When Heller committed perjury before the grand jury, he was represented by counsel other than Tom Brand.

Pursuant to Title 28 United States Code Section 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of September, 1987.

[Signed] Joseph H. Groff, III
Assistant U.S. Attorney

The Court is not required to hold a hearing on a request for relief under section 2255 where the motion/petition is inadequate on its face or is conclusively refuted as to the alleged facts by the files and records of the case. *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974). The allegations of such petition/motion are to be accepted as true except where they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of facts. *Porcaro v. United States*, 784 F.2d 38, 40 (1st Cir.1986); *see Baranow v. United States*, 670 F.Supp. 1052 (D.Me.1987).

In Ground One, Petitioner claims his plea was involuntarily induced. In assessing this claim, the Court first notes the careful inquiry it conducted during the Rule 11 proceeding, drawing particular attention to its detailed inquiry as to whether Petitioner fully understood the consequences of his plea, and as to whether he had been improperly influenced to enter a guilty plea. Petitioner assured the Court at that time that his plea was informed and voluntary.

---

3. "Ground Three" of the motion states as follows:

Petitioner received an illegal sentence.

. . . . .

Petitioner was sentenced to a special parole term of three years. Said sentence is not permitted under 21 U.S.C.A. 846.

Petitioner's claim of involuntariness therefore rests entirely upon his allegations that he was not informed of the sentencing consequences of his plea, or of his potential eligibility for special parole. The Petitioner had no right to such advice from the Court in the course of the Rule 11 proceeding and does not allege that such failure to advise was the result of counsel's conduct. As the United States Supreme Court has noted in *Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985):

> We have never held that the United States Constitution requires the State to furnish a defendant with information about parole eligibility in order for the defendant's plea of guilty to be voluntary, and indeed such a constitutional requirement would be inconsistent with the current rules of procedure governing the entry of guilty pleas in the federal courts. See Fed[.] Rule Crim[.] Proc[.] 11(c); Advisory Committee's Notes on 1974 Amendment to Fed[.] Rule Crim[.] Proc[.] 11, 18 USC App, p[.] 22 [USCS Court Rules, Fed[.] Rules of Crim[.] Proc[.], Rule 11(c) Note] (federal courts generally are not required to inform defendant about parole eligibility before accepting guilty plea).

Petitioner does not claim that his lack of information about sentencing and parole was caused by his counsel's conduct.

This Court has previously held in a somewhat different context that Rule 11, which establishes a procedure designed to insure that a guilty plea is entered voluntarily, requires only that the Court inform a defendant of the *direct* consequences of a guilty plea; the Court need not explain the possible collateral consequences of a guilty plea. *United States v. Gardiner,* No. 85–00015–B, slip op. (D.Me. Jan. 26, 1988). *E.g., United States v. Suter,* 755 F.2d 523 (7th Cir.), *cert. denied,* 471 U.S. 1103, 105 S.Ct. 2331, 85 L.Ed.2d 848 (1985); *United States v. Campbell,* 778 F.2d 764, 766–67 (11th Cir.1985); *George v. Black,* 732 F.2d

108, 110 (8th Cir.1984); *Brown v. Perini,* 718 F.2d 784, 788 (6th Cir.1983); *United States v. Russell,* 686 F.2d 35, 38–39 (D.C. Cir.1982). Although it is not always a simple matter to distinguish direct from collateral consequences, at least two circuits have held that matters involving parole eligibility are collateral consequences that need not be explained to a defendant. *Hill v. Lockhart,* 731 F.2d 568, at 570 (8th Cir. 1984), *aff'd,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Brown v. Perini,* 718 F.2d at 788. The propriety of that conclusion as a matter of law would appear to be finally established by the United States Supreme Court's opinion in *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, referred to above.

In *Hill v. Lockhart,* the petitioner specifically based a claim of ineffective assistance of counsel upon his counsel's affirmative misrepresentation as to what portion of an imposed sentence he would be required to serve before becoming eligible for release on parole. The petitioner in *Hill* alleged that counsel had advised him that he would be required to serve one-third of any sentence imposed before qualifying for release on parole when in fact, as alleged, he was required to serve one-half of the imposed sentence.

The instant case is distinguishable, and therefore warrants a different outcome. In this case, far from there being any allegation of a positive misrepresentation by Petitioner's counsel, there is not even a claim that counsel failed to advise him appropriately as to the formula by which his eligibility for parole would be determined.[4]

Here, even if a claim was made that Petitioner's counsel failed to advise him of parole eligibility, it would be ill-founded, for certainly if the Petitioner has no right to advice *by the court* as to parole eligibility, he has no right to that advice from counsel, at least in the absence of a claim that counsel affirmatively *misadvised* him and that he was thereby induced to enter a

---

**4.** In *Hill v. Lockhart,* 474 U.S. at 56, 106 S.Ct. at 369, the Court noted:

> Instead, petitioner relies entirely on the claim that his plea was "involuntary" *as a result of*

> *ineffective assistance of counsel* because his attorney supplied him with information about parole eligibility that was erroneous.
> (Emphasis added.)

guilty plea which he would not otherwise have entered. The Court is satisfied that the claim set forth in "Ground One" is without merit and that no hearing thereon is required because even taking the allegations of Ground One as true, they entitle the Petitioner to no relief.

The Court passes now to Petitioner's "Ground Two" claim of ineffective assistance of counsel. There, Petitioner claims (1) that defense "counsel was unable to adequately represent him" because of medical disability; (2) that defense counsel "did not act in court as he and Petitioner agreed that he should act"; (3) that counsel "did little or no work on the case and did not develop the defenses of duress or entrapment"; (4) that defense counsel "refused to plea bargain on behalf of Petitioner"; (5) that defense counsel "changed court documents without the Petitioner's permission"; and that (6) defense counsel "conducted the sentencing hearing in an incompetent manner using the court as a forum for his political views." Petition, ¶ B. Ground two, at 4.

■ The Court finds that claims (1), (2) and (3) fail to state a sufficiently fact-specific claim to merit relief or to warrant a hearing since the allegations in each are entirely conclusory. With respect to claim (1), the Court is unable to discern from the allegation in what respect it is contended that defense counsel was "unable to adequately represent" the Petitioner at the time of sentencing. Likewise, there is no description of the medical disability. The Court's observation of counsel at the time of the sentencing did not indicate to the Court in any way that he was incapable of carrying out his functions at the sentencing. Petitioner has been wholly nonspecific in alleging in what respects prior to the imposition of sentence defense counsel's incapacity prevented him from adequately performing his duties as counsel.[5]

Likewise, in claim (2), the Petitioner offers no facts by which the Court could determine whether counsel had, as alleged, failed to "act in court as he and Petitioner agreed he should act." Petitioner fails to explain to the Court how he and counsel agreed counsel should act, or how counsel's in-court performance strayed from that agreement. The Court is unwilling to speculate as to the grounds for Petitioner's allegations, where Petitioner has done nothing to clarify those grounds, and the Court has detected itself no blatant flaws in counsel's in-court representation of Petitioner.

Claim (3) is equally lacking. Petitioner alleges that counsel "did little or no work on the case and did not develop the defenses of duress or entrapment." Again, Petitioner offers no evidence to assist the Court in determining whether counsel's efforts on Petitioner's behalf were sufficient or competently performed. Nor does Petitioner inform the Court of enough of the circumstances surrounding the offense for which he was sentenced or of his discussions with counsel to permit the Court to determine whether the duress and entrapment defenses were appropriate or whether counsel fell short of the standards of the legal profession by failing to "develop" them. Further, Petitioner fails to explain what he means by "develop." It is unclear to the Court whether counsel would adequately have "developed" the defenses at issue by analyzing them under the circumstances and deciding they were inappropriate, or whether "develop" required counsel to raise the defenses on Petitioner's behalf.

■ With respect to claim (4), the allegations of the petition are once again entirely conclusory since they do not apprise the Court of the specific acts encompassing defense counsel's refusal to plea bargain. Even if the Court were to entertain this claim on the merits, it is patently incredible in light of the clear reflection on the record that this Petitioner at no time indicated any desire, either to the United States Attorney's office or to the Court, to negotiate a

---

5. The Court notes that the present petition is signed by Petitioner's counsel and was presumably drawn by or with counsel's assistance. Accordingly, it is not entitled to the broad reading that the Court is required to extend to a *pro se* petition. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Moran v. Vose,* 816 F.2d 35 (1st Cir.1987).

plea agreement. Indeed, the record indicates that the United States Attorney's office afforded Petitioner an opportunity to negotiate a plea agreement on the condition that he cooperate with the Government's further inquiry in this matter. Far from being cooperative, Petitioner declined the opportunity in the presence of his attorney, and ultimately, when brought before a grand jury pursuant to a further court order after sentencing, testified falsely, and as a result was prosecuted for perjury. *See* Affidavit of AUSA Joseph H. Groff, III, at 1 (appendix to Docket Item # 3). Petitioner does not dispute the information contained in AUSA Groff's affidavit. Thus, in the judgment of this Court, Petitioner's protestation in Ground Two that he was prejudiced by his counsel's refusal to plea bargain on his behalf is clearly contradicted by the record in this case and is incredible. Hence it is insufficient to justify relief as sought, and no hearing is required.

Claim (5), to the effect that defense counsel "changed court documents without the Petitioner's permission," is again conclusory. The Court cannot discern from the allegation how defense counsel is alleged to have changed court documents, which court documents he allegedly changed, or whether Petitioner was prejudiced by the alleged alterations.

Finally, with respect to claim (6), to the effect that defense counsel conducted the sentencing hearing in an incompetent manner, using the court as a forum for his political views, Petitioner has already presented this issue to the United States Court of Appeals on the direct appeal of his sentence herein. *See United States v. Heller*, 797 F.2d 41, at 42–43. Having once received review of this issue on direct appeal, Petitioner is not entitled to have the question relitigated in this section 2255 proceeding. *United States v. Natelli*, 553 F.2d 5 (2d Cir.), *cert. denied*, 434 U.S. 819, 98 S.Ct. 59, 54 L.Ed.2d (1977). Even assuming that this Court were to entertain this claim, it could not better state the appropriate analysis to be employed than did the Court of Appeals in the direct appeal when it said:

> Rather than presenting his criminal act as an unfortunate lapse in his newly developed maturity, Heller and his attorney chose the strategy of trying to convince the court that laws regarding marijuana do not serve as a deterrent, that the government's campaign against marijuana was the result of a link between marijuana trafficking in [and?] Cuba, and that relevant laws should be reformed.
>
> Appellant had the opportunity to present to the court whatever he felt was in his best interest. He opted to try to convince the court that the mitigating factor in his act was that marijuana was not inherently evil, but merely prohibited. He is not entitled, after the fact of sentencing, to a second opportunity of right.

*United States v. Heller*, 797 F.2d at 43. Accordingly, this claim does not assert a viable basis for the relief sought by this Petitioner and no hearing on the claim is warranted.

Accordingly, it is hereby ORDERED that Petitioner's Motion to Vacate, Set Aside or Correct Sentence herein pursuant to 28 U.S.C. § 2255 be, and it is hereby, GRANTED in part to the extent that the sentence is hereby VACATED to the extent that it imposes a Special Parole Term on Petitioner; and the said motion is, in all other respects, hereby DENIED, without a hearing.