991 F.2d 793
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Rodney H. WILLIAMS, Petitioner-Appellant,
v.
W. F. WOODS, Respondent-Appellee.
 No. 92-7135.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 9, 1993
Decided: April 21, 1993
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. James C. Fox, Chief District Judge. (CA-92-2674-2-18AJ)
 Rodney H. Williams, Appellant Pro Se.
 D.S.C.
 VACATED AND REMANDED.
 Before MURNAGHAN, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Rodney H. Williams appeals from an order transferring his case filed under 28 U.S.C. § 2241 (1988) to the United States District Court for the District of South Carolina. Because it appears that the transfer of this case was an error, we vacate and remand.
 
 
 2
 Williams is a federal prisoner incarcerated in North Carolina who alleges that he is serving an eighteen-month sentence on a guilty plea imposed in United States District Court for the District of South Carolina on various charges. He filed an action unders 2241 arguing that he should be given credit for time served in the custody of the State of South Carolina while awaiting trial on the federal charges. Relying on Miller v. United States, 564 F.2d 103 (1st Cir. 1977), cert. denied, 435 U.S. 931 (1978), the district court found that"[t]he sentencing court is the designated forum for challenges to the validity of a federal prisoner's conviction or sentence," and transferred the action to the United States District Court in Charleston, South Carolina.
 
 
 3
 In Miller, the First Circuit Court of Appeals expresses its view that district courts not designated by statute as the appropriate forum to bring post-conviction actions lack jurisdiction to entertain such postconviction actions. 564 F.2d at 105 ( citing, United States v. DiRusso, 535 F.2d 673, 675-76 (1st Cir. 1976)). Given the district court's express reliance on Miller, its action is best understood as a transfer to cure want of jurisdiction under 28 U.S.C. § 1631 (1988). Construing the transfer order under § 1631, it is an immediately appealable final order. 28 U.S.C. § 1291 (1988); Gower v. Lehman, 799 F.2d 925, 927 (4th Cir. 1986). Therefore, this Court has jurisdiction over the appeal.
 
 
 4
 Williams's action is an attack on the execution, see United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S. 1992), as opposed to the legality, of his sentence. See, e.g., United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989). Williams's motion attacking the government's calculation of credit for time served therefore was properly filed pursuant to 28 U.S.C. § 2241 in the district of his confinement rather than in the sentencing court. Id. The district court's transfer of Williams's action to the sentencing court was improper.
 
 
 5
 Leaving the merits of this case for consideration by the district court in the first instance, we deny Williams's Motion for Bond Pending Adjudication of a Writ of Habeas Corpus, grant a certificate of probable cause to appeal, vacate the decision of the United States District Court for the Eastern District of North Carolina, and remand for further proceedings in that court.* We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED
 
 
 *
 To the extent possible given the Court's caseload, we grant Williams's motion to expedite