UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 00-6302

TREMAINE LAMONT MURPHY,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Herbert N. Maletz, Senior Judge, sitting by designation.
(CR-98-71-S, CA-99-2073-HNM)

Submitted: July 27, 2000

Decided: August 14, 2000

Before WILLIAMS and MICHAEL, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Dismissed in part and vacated and remanded in part by unpublished
per curiam opinion.

_____

**COUNSEL**

Tremaine Lamont Murphy, Appellant Pro Se. John Francis Purcell,
Jr., OFFICE OF THE UNITED STATES ATTORNEY, Baltimore,
Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tremaine Lamont Murphy appeals the district court's order denying his 28 U.S.C.A. § 2255 (West Supp. 2000) motion. In this motion, Murphy alleged that his attorney failed to file a requested notice of appeal. He also requested that the district court reduce his sentence on the basis of his post-conviction rehabilitation.

Addressing Murphy's first claim, the Government responded to his motion by providing an affidavit from Murphy's defense attorney averring that he discussed the issue of an appeal with Murphy and that, after both advising him against noting an appeal and telling him that the ultimate decision remained his to make, Murphy decided against filing an appeal. A file memorandum drafted one day after the expiration of the appeal period reflected these assertions. Murphy, however, averred that he did, in fact, want to appeal his conviction and that he specifically requested that his attorney do so.

Although recognizing that motions turning on only factual and credibility issues cannot be resolved solely on the basis of affidavits, but rather, in general, require an evidentiary hearing, the district court found that because the attorney's affidavit was supported by a contemporaneous memo, the issue did not rely solely on the affidavits. Hence, it concluded that an evidentiary hearing was not required and resolved the factual dispute in favor of the Government.

Although an exception to the hearing requirement exists when the record can be expanded with sufficient information such that the district court can determine that the files and records of the case conclusively show that the movant is not entitled to relief, this exception exists only as to claims predicated on facts within the record. See Sanders v. United States, 373 U.S. 1, 19 (1963) (overruled on other grounds); see also Moran v. Hogan, 494 F.2d 1220, 1222 (1st Cir.

2

1974) (applying <u>Sanders</u>). A defendant's request that his attorney file an appeal is a matter extrinsic to the files and records of the case. We therefore find that this exception does not apply to Murphy's case.

Accordingly, because an attorney's failure to note a requested appeal constitutes a Sixth Amendment violation, Murphy has made a substantial showing of the denial of a constitutional right. <u>See United States v. Peak</u>, 992 F.2d 39, 41-42 (4th Cir. 1993). A certificate of appealability may thus issue. <u>See</u> 28 U.S.C.A. § 2253 (West 2000); <u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1603-04 (2000). We therefore grant a certificate of appealability as to this claim, vacate the district court's order, and remand this claim back to the district court for further proceedings.

Addressing Murphy's request for a sentence reduction based upon his post-conviction rehabilitation, we note that the district court has no authority to modify a sentence on this basis. <u>See</u> 18 U.S.C.A. § 3582(c) (West 1985 & Supp. 1999); Fed. R. Crim. P. 35. Accordingly, we deny a certificate of appealability and dismiss this claim.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART; VACATED AND REMANDED IN PART</u>

3