UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Robson Xavier Gomes

     v.

US Department of Homeland Security,
Acting Secretary, et al.

Civil No. 20-cv-453-LM
Opinion No. 2020 DNH 168 P


O R D E R

Before the court is respondents' motion, doc. no. 234, seeking partial reconsideration[1] of the court's order issued June 16, 2020, doc. no. 204, denying their motion to dismiss, doc. no. 128. Citing the United States Supreme Court's recent opinion in Department of Homeland Security v. Thuraissigiam, 140 S. Ct. 1959 (2020), issued on June 25, respondents seek reconsideration of this court's conclusion that petitioners' conditions-of-confinement claims may be brought in a 28 U.S.C. § 2241 habeas petition. For the reasons discussed below, respondents' motion is denied.

I.    Standard of Review

A party moving for reconsideration of an order must "demonstrate that the order was based on a manifest error of fact or law." LR 7.2(d). "[M]otions for

---

[1] Although the respondents' motion is styled simply as a "Motion for Reconsideration" of the court's June 16 order, they argue only that the court should reconsider a portion of that order, specifically the court's conclusion that petitioners' claims were cognizable in a habeas petition.

reconsideration are appropriate only in a limited number of circumstances: if the moving party presents newly discovered evidence, if there has been an intervening change in the law, or if the movant can demonstrate that the original decision was based on a manifest error or law or was clearly unjust." Dionne v. Fed. Nat'l Mortg. Ass'n, 110 F. Supp. 3d 338, 341 (D.N.H. 2015)) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

II.     Discussion

   A.     *Thuraissigiam*'s Suspension Clause Analysis Sheds Little Light on Whether Conditions of Confinement Claims May be Brought in Habeas Petitions

Respondents argue that the United States Supreme Court's recent opinion in Thuraissigiam limits the relief available in habeas actions to "simple release." Because petitioners do not seek "simple release," but rather conditional release premised upon the continued threat of COVID-19, respondents contend petitioners have not stated cognizable habeas claims.

Thuraissigiam is inapposite. There, a Sri Lankan national apprehended at the United States-Mexico border filed a habeas petition following an asylum officer's determination that he lacked a credible fear of persecution and was thus ineligible for asylum or other removal relief. See Thuraissigiam, 140 S. Ct. at 1967-68. His habeas petition sought judicial review of the officer's credible fear determination and sought "a writ of habeas corpus . . . directing [the Department] to provide [him]

a new opportunity to apply for asylum." Id. at 1968. The District Court dismissed his petition, holding that 8 U.S.C. § 1252(e)(2) foreclosed habeas review of the asylum eligibility determination itself. See id.; 8 U.S.C. § 1252(e)(2) (limiting habeas challenges to asylum eligibility determinations to review of (1) whether the petitioner is actually an alien, (2) whether the petitioner was, in fact, ordered to be removed, and (3) whether the petitioner has already been granted entry as a lawful permanent resident, refugee, or asylee). The District Court also concluded that § 1252(e)(2)'s limitation on the scope of habeas actions did not violate the Suspension Clause of the United States Constitution. See Thuraissigiam, 140 S. Ct. at 1968; see also U.S. Const. art. I, § 9, cl. 2. Although the Ninth Circuit reversed, the Supreme Court ultimately agreed with the District Court.

In determining whether § 1252(e)(2) violated the Suspension Clause, the Supreme Court looked to the scope of the writ of habeas corpus "as it existed in 1789," explaining that the Clause, "at a minimum," protects the writ as it existed at the time of the Constitution's founding. Thuraissigiam, 140 S. Ct. at 1969; see id. at 1969-74. The Court held that § 1252(e)(2) did not violate the Suspension Clause as applied to Thuraissigiam because there was no historical evidence that the type of relief he sought—an order to provide a foreign citizen with additional administrative review of his or her eligibility to remain in the country—was understood to be available in habeas actions in 1789. See id. at 1969.

3

Thuraissigiam has little applicability to the instant case. Section 1252(e)(2) does not apply;[2] petitioners are not seeking review of asylum eligibility determinations. Nor is the Supreme Court's Suspension Clause analysis particularly relevant in analyzing whether conditions-of-confinement claims may be brought in § 2241 petitions. The Court's Suspension Clause analysis concerns the scope of the common law habeas writ at the time of the Constitution's founding, whereas this case concerns the scope of habeas relief available pursuant to 28 U.S.C. § 2241.

Even if Thuraissigiam's Suspension Clause analysis were relevant, that analysis supports, rather than undermines, this court's conclusion that conditions-of-confinement claims are cognizable in § 2241 petitions. The Supreme Court's analysis primarily looked to the type of relief sought as the touchstone for determining whether a habeas petition would have been cognizable at common law in 1789. See id. at 1971-72. As the Court noted, "habeas was used to seek release from detention in a variety of circumstances," and the unifying feature of those varied petitions was the relief sought: "release from restraint." Id. at 1971; see also id. at 1972 (noting historical evidence that "habeas petitioners were sometimes released on the condition that they conform to certain requirements"; distinguishing Thuraissigiam's petition because "[w]hat he wants—further review of his asylum claim—is not" conditional release). Here, petitioners, who are civil immigration

---

[2] Respondents seem to concede as much in their memorandum. See doc. no. 234-1 at 3.

detainees, seek release from confinement—conditional or otherwise. Unlike the habeas petitioner in <u>Thuraissigiam</u>, they are not using habeas to obtain further review of their eligibility for removal. Thus, if anything, <u>Thuraissigiam</u>'s focus on the relief sought, rather than the claims brought, in determining the historical cognizability of habeas petitions supports the conclusion that petitioners' conditions-of-confinement claims may be brought in a habeas petition.

For these reasons, <u>Thuraissigiam</u> does not require this court to reconsider its June 16 order denying respondents' motion to dismiss. <u>See</u> <u>Dionne, 110 F. Supp. 3d at 341</u>; LR 7.2(d).

B.    <u>Respondents' Remaining Arguments Largely Rehash their Motion to Dismiss and do not Otherwise Demonstrate Manifest Legal Error</u>

Respondents also contend that reconsideration is warranted because the "habeas petition . . . challenges the conditions of [petitioners'] confinement" rather than the fact of their confinement. Doc. no. 234-1 at 7. This is the same argument that the court considered and rejected in its June 16 order and warrants no further consideration. <u>See</u> <u>Peterson v. Wrenn, No. 14-CV-432-LM, 2017 WL 1743598, at *1 (D.N.H. May 4, 2017)</u> ("A motion for reconsideration is not a mechanism to regurgitate old arguments previously considered and rejected." (internal quotation marks omitted)).

Respondents further contend that the court erred in concluding that petitioners could seek, and are seeking, a "quantum change" in their level of custody in a habeas petition under First Circuit precedent. <u>See</u> <u>Gonzalez-Fuentes v. Molina,</u>

5

607 F.3d 864, 873 (1st Cir. 2010). As noted in the court's June 16 order, however, respondents failed to cite to any First Circuit opinions in arguing that habeas was an improper vehicle for petitioners' claims. See id.; United States v. DeLeon, 444 F.3d 41, 59 (1st Cir. 2006); Brennan v. Cunningham, 813 F.2d 1, 4 (1st Cir. 1987); Miller v. United States, 564 F.2d 103, 105 (1st Cir. 1977). A motion to reconsider cannot be used to advance "arguments that could and should have been presented earlier." Peterson, 2017 WL 1743598, at *1 (internal quotation marks omitted). There appears to be no reason why respondents could not have presented argument on First Circuit case law at the time they filed their motion to dismiss. Nevertheless, even assuming respondents may properly raise the argument now, they have not demonstrated that the court's conclusion that petitioners are permissibly seeking a "quantum change" in their level of custody is "based on manifest error of law or was clearly unjust." Dionne, 110 F. Supp. 3d at 341. The court thus declines to reconsider its order on these grounds.

Respondents' final argument takes issue with the court's observation that the petitioners may have an equitable cause of action distinct from habeas. Respondents have failed to demonstrate that this observation was "based on manifest error of law or was clearly unjust." Id. see Simmat v. United States Bureau of Prisons, 413 F.3d 1225, 1231-33 (10th Cir. 2005) (discussing judiciary's inherent authority to entertain actions seeking to enjoin constitutional violations); Savino v. Souza, No. CV 20-10617-WGY, 2020 WL 2404923, at *3 (D. Mass. May 12, 2020). As such, the court declines to reconsider its June 16 order on these grounds.

In summary, respondents misapply <u>Thuraissigiam</u> to this case and have otherwise failed to demonstrate that reconsideration is warranted. Their motion for reconsideration is therefore denied.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

September 28, 2020

cc: Counsel of Record