**UNITED STATES of America**

v.

**James I. TAYLOR, Appellant.**

**No. 72–1812.**

United States Court of Appeals,
District of Columbia Circuit.

Argued April 2, 1973.

Decided June 28, 1973.

Fred Warren Bennett, Washington, D.C. (appointed by this Court), for appellant.

Peter R. Reilly, Asst. U.S. Atty., with whom Harold H. Titus, Jr., U.S. Atty.,

John A. Terry, and Charles H. Roistacher, Asst. U. S. Attys., were on the brief for appellee.

Before LEVENTHAL and Mac-KINNON, Circuit Judges, and WYZAN-SKI,* Senior United States District Judge for the District of Massachusetts.

PER CURIAM:

 Appellant was charged with escape from custody of the Attorney General in violation of 18 U.S.C. § 751(a). The Government's proof showed that following conviction in the District Court in Criminal Case No. 616–69, on a charge of robbery, appellant was sentenced on March 3, 1970, to the custody of the Attorney General for a term of two to six years. Appellant served part of his sentence at Lorton Reformatory. On January 11, 1971, he was admitted to a halfway house run by Efforts from Ex-Convicts ·(EFEC), a non-profit organization that operates under a contract with the District of Columbia Department of Corrections to house and provide services to offenders not on parole, referred by the Department of Corrections, for work release programs.

Mr. Rudolph Henry Yates, an official of EFEC, testified that after he informed appellant that he was to be returned to Lorton Reformatory, for a "violation," appellant left the halfway house, without permission. This proof established an escape from the legal custody of the Attorney General, to which appellant was remitted at time of sentence, and which continued even when he was assigned by the Attorney General, or his representative, here the Director of the Department of Corrections, to an institution or facility not under the control of the Department of Justice. Frazier v. United States, 119 U.S.App.D.C. 246, 339 F.2d 745 (1964); 24 D.C.Code § 425. The contention rejected in *Frazier* is now articulated by appellant's counsel in terms of a variance from the indictment, but we find no substantial lack of notice or prejudice, no fatal variance.

 Appellant claims he was erroneously denied consideration under Title II of the Narcotic Addict Rehabilitation Act, 18 U.S.C. §§ 4251–4255. But appellant was ineligible under NARA in view of 18 U.S.C. § 4251(f)(3), which excludes an offender serving a sentence following conviction on a felony charge that has not been fully served. This is not unconstitutional under the doctrine of United States v. Hamilton, 149 U.S. App.D.C. 295, 462 F.2d 1190 (1972). The classification involved in the case at bar is not unreasonable or arbitrary. The fact that some part of the outstanding felony sentence remains to be served undercuts the kind of immediate commitment to the Surgeon General for rehabilitation contemplated by NARA.

Affirmed.