Jay V. BALL, Petitioner,

v.

UNITED STATES of America, Respondent.

No. CIV–2–85–346.

United States District Court, E.D. Tennessee, Northeastern Division.

Aug. 22, 1985.

On Motion For Enlargement Of Time Sept. 30, 1985.

W.E. Bowman, Jr., Greeneville, Tenn., for petitioner.

Mike Haynes, Asst. U.S. Atty., Knoxville, Tenn., for respondent.

## MEMORANDUM OPINION, ORDER AND DIRECTION

NEESE, District Judge.

Mr. Jay V. Ball, a prisoner in custody under sentence of this Court of July 15, 1981 in *United States of America,* plaintiff, *v. Jay Ball,* defendant, no. CR–2–81–9, moved the Court to vacate such sentence, 28 U.S.C. § 2255, and his motion has been presented to the undersigned for preliminary consideration under Rule 4, Rules—§ 2255 Proceedings. Upon such consideration, it is concluded that it appears plainly from the face of the motion and the annexed exhibits and the prior proceedings that the movant is not entitled to relief herein.

Mr. Ball asserts in support of his motion that the assistance he received from his two retained trial counsel was so ineffective as to have resulted in a deprivation of his right under the Constitution, Sixth Amendment, to the assistance of counsel. In order to prevail on such a claim, Mr. Ball:

> * * * must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction * * * resulted from a breakdown in the adversary process that renders the result unreliable.
>
> * * · * * * *

*Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 [5], 80 L.Ed.2d 674 (1984).

> "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. * * * It is not enough for the defendant to show that errors had some conceivable effect on the outcome of the proceeding. * * * The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. * * *" *Id.,* 466 U.S. at 691, 694, 104 S.Ct. at 2067[15], 2068[19].

Initially, Mr. Ball contends his counsel advised him falsely the Court had rejected a plea bargain offered him by the prosecution and that, as a consequence, he was deprived of the opportunity to plead guilty pursuant to the terms of a plea agreement which called for a lesser sentence than that which he received. " * * * It is a novel argument that constitutional rights are infringed by trying the defendant rather than accepting his plea of guilty. * * *" *Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977).

 A person charged with a crime has no right to avoid a trial by pleading guilty, *Santobello v. New York,* 404 U.S. 257, 261, 92 S.Ct. 495, 498 [4], 30 L.Ed.2d 427 (1971), and " * * * there is no constitutional right to plea bargain * * *," *Weatherford v. Bursey, supra.* Thus, even if the conduct of Mr. Ball's counsel deprived him

of the opportunity to plea bargain, such would not have resulted in "such a denial or infringement of the constitutional rights of the prisoner." 28 U.S.C. § 2255, as to permit collateral relief herein.

"A plea bargain standing alone is without constitutional significance; in itself, it is a mere executory agreement which, until embodied in the judgment of a court, does not [implicate a] constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution. * * * " *Mabry v. Johnson*, 467 U.S. 504, 506, 104 S.Ct. 2543, 2546–2547, 81 L.Ed.2d 437 (1984). At the time of the proceedings against Mr. Ball, the undersigned had followed a 19–year policy of refusing to consider plea agreements;[1] and, even if the Court had considered the plea agreement of which Mr. Ball contends he was deprived, in all likelihood it would have rejected it in view of Mr. Ball's past conduct and he would have been left facing trial on his pleas of not guilty. Therefore, it is pure speculation, and not a reasonable probability, that, but for this claimed deficiency of counsel, Mr. Ball would have received a lesser sentence.

■ Next, Mr. Ball faults the conduct of his counsel during the trial with respect to the Court's ruling which permitted the prosecution to use his prior felony convictions for impeachment purposes, and he also complains that his counsel brought to the attention of the jury the fact that he was a convicted felon. These are matters purely of trial strategy which do not fall " * * * outside the wide range of professionally competent assistance." *Cf. Strickland v. Washington, supra*, 466 U.S. at 688, 104 S.Ct. at 2065–2066.

The purpose of the Sixth Amendment guarantee of effective assistance of counsel " * * * is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial." *Id.*, 466 U.S. at 688, 104 S.Ct. at 2065. The Court of Appeals for this Circuit has ruled that Mr. Ball " * * * was accorded a fundamentally fair, if not perfect or error-less trial * * * ,[2] " and to the extent the two lawyers Mr. Ball chose to represent him did not live up to his expectations, such did not " * * * so undermine[ ] the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.*, 466 U.S. at 686, 104 S.Ct. at 2064[3].

It appearing plainly from the face of the motion and the annexed exhibits and the prior proceedings mentioned that Mr. Ball is not entitled to relief in this Court, it hereby is

ORDERED that his motion hereby is

DISMISSED summarily. Rule 4(b), Rules—§ 2255 Proceedings. Judgment (to be prepared by the clerk) will so enter, Rule 58(1), F.R.Civ.P., and Mr. Ball will be notified, Rule 4(b), *supra*.

## ON MOTION FOR ENLARGEMENT OF TIME

The petitioner (movant for a vacation of a criminal judgment of this Court) was denied relief on his motion under 28 U.S.C. § 2255 by this Court on August 22, 1985. On September 23, 1985 he gave notice of an appeal therefrom but did not pay the docketing fee therewith, and he made a motion on the same (latter) date for enlargement of the time " * * * within which to file an [a]ppeal [b]ond and/or proceed in the [sic] forma pauperis * * * ."

■ This Court is not aware immediately of any authority it possesses to enlarge the time, (and no brief with authorities accompanies the motion). However, if the late payment of the docketing fee will not delay the progress of the appeal, " * * * untimely payment of the * * * fee [will] not vitiate the validity of [movant-appellant's] no-

---

1. It is settled that " * * * a district court is under no duty to consider a negotiated plea agreement." *United States v. Moore*, 637 F.2d 1194, 1196[1] (8th Cir.1981).

2. *United States of America*, plaintiff-appellee, *v. Jay Ball*, defendant-appellant, order of May 7, 1982 at pg. 3, in no. 81–5546 [703 F.2d 568 (table) ].

tice of appeal. * * * " *Parissi v. Telechron, Inc.,* 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955).

An appeal from an order denying a motion under 28 U.S.C. § 2255, *supra,* is governed by the provisions of 28 U.S.C. § 2253, *United States v. Hayman,* 342 U.S. 205, 209, n. 4, 72 S.Ct. 263, 267, n. 4, 96 L.Ed. 232 (1952), which, for present purposes, appears to relate to Rule 4(a), F.R. App.P. Under that Rule, " * * * if the United States * * * is a party, the notice of appeal may be filed by any party within 60 days after * * * " the date of entry of the judgment or order appealed from. Should the respondent-appellee move for a dismissal of the appeal of the movant-appellant for his failure to pay the docketing fee therefor, the Court of Appeals for the Sixth Circuit seems to have asserted authority to grant the movant-appellant the relief he seeks here. *Cf. Powers v. Citizens Union National Bank and Trust Company,* 329 F.2d 507, 509[4] (6th Cir.1964).

For such reasons, no action is taken on the aforesaid motion.