Dale Scott **HUNNEWELL**, Petitioner,

v.

**UNITED STATES of America,
Respondent.**

Civ. No. 90-0027-P.

United States District Court,
D. Maine.

June 19, 1990.

---

Dale Scott Hunnewell, pro se.

Jonathan R. Chapman, Asst. U.S. Atty., Portland, Me., for respondent.

## ORDER ON PETITIONER'S MOTION TO VACATE SENTENCE

GENE CARTER, Chief Judge.

Petitioner was convicted by a jury of distribution of cocaine and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and sentenced to 300 months imprisonment and six years supervised release. The First Circuit Court of Appeals affirmed the conviction. Petitioner now seeks to vacate or set aside his sentence under 28 U.S.C. § 2255. He asserts that he received ineffective assistance of counsel in several respects and that his conviction was obtained through the use of illegally obtained evidence. Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, section 2255 provides that the Court must grant a hearing on the petition.

Petitioner asserts that the evidence seized during a search of his house was illegally obtained because the police officers entered into an enclosed porch of the residence without knocking or identifying themselves, and they presented the warrant under which the search was conducted to a guest rather than to Petitioner or his mother, the owner of the house.

The record shows that after a controlled buy had been consummated in the house between Petitioner and an undercover informant and Petitioner indicated that he was going out within a few hours, one group of police officers went to obtain a search warrant and another group went to secure the premises. Although Petitioner asserts that the officer entered the house without knocking, credible testimony at trial by Officer Chase, one of the securing officers, showed that he did knock and that the door was closed in his face when a female occupant recognized him as a police officer. He then entered, said he was a police officer, and explained the purpose of the visit. Petitioner was then arrested and taken to jail. A few hours later other officers arrived with the warrant to search

the entire residence, and a search was conducted pursuant to the warrant.

The complaint is not specific as to whether the officers' alleged failure to knock and identify themselves is directed to the time of securing the house or to the time of execution of the warrant.[1] The Supreme Court has held that "securing a dwelling on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of the dwelling or its contents." *Segura v. United States,* 468 U.S. 796, 810, 104 S.Ct. 3380, 3388, 82 L.Ed.2d 599 (1984). In *Segura* the Supreme Court also held that even if an initial entry to secure a dwelling for a subsequent search is illegal, evidence later seized pursuant to a valid search warrant may be admitted if there is an independent source for the warrant under which that evidence was seized. *Segura v. United States,* 468 U.S. at 813–14, 104 S.Ct. at 3389–90. The independent source doctrine applies to evidence first discovered during the illegal entry, as long as the later lawful seizure is genuinely independent of the earlier tainted one. *Murray v. United States,* 487 U.S. 533, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).

■ It is plain from the record here that the officers had established probable cause to support issuance of the warrant during the controlled buy[2] and that one group of officers went to apply for the warrant while another group went to secure the premises. Although some of the items introduced in evidence had been found in plain view in the house when the officers secured it before the warrant issued, the warrant was not issued on the basis of this evidence, and the evidence would inevitably have been discovered when the warrant to search the entire dwelling was executed. Thus, the evidence seized during execution of the warrant would be admissible even if

the entry to secure the premises were illegal.[3] *See, id.; United States v. Silvestri,* 787 F.2d 736 (1st Cir.1986).

■ The record does not demonstrate specifically whether the officer bearing the warrant knocked and explained his mission. Such actions would, however, have been superfluous since the securing officers were there waiting for the arrival of the warrant and had explained that the warrant would be brought by other officers. *See, Ferdin v. Superior Court,* 36 Cal. App.3d 774, 112 Cal.Rptr. 66 (1974). This Court has stated that execution of a warrant in the absence of the occupant is permissible. *United States v. Daoust,* 728 F.Supp. 41 (D.Me.1989) (Cyr, J.). Therefore, Petitioner's suggestion that there is constitutional infirmity in executing the warrant after presenting it to a guest in the house defies logic.

■ Petitioner's complaint might also be construed to allege that the entry was illegal because the officers crossed an enclosed porch before knocking and announcing their purpose. The record shows, however, that the door to the house, specifically to the kitchen, was entered by a door that opened onto the porch. As a noted commentator has stated: "Most obviously, it is permissible for the police to pass through other areas in a reasonable effort to gain access to the place described [in the warrant]. W. LaFave, *Search and Seizure* § 4.10(a). The warrant permitted a search of the entire dwelling and that is what the officers sought to secure. Either the porch was included within the terms of the warrant, as part of the dwelling, or the officers could permissibly cross the porch to reach the dwelling. It is clear from the trial transcript, therefore, that there is no basis for Petitioner's allegation that his conviction was obtained by use of evidence

---

1. If the allegation goes to the time the house was secured, the record refutes Petitioner's allegations that the officer did not knock before entering.

2. Petitioner had gotten the drugs for the controlled buy in the house and said he would be there with more drugs if the informant returned within a few hours.

3. The Court does not decide here whether the entry by the officers to secure the house was illegal either for failure to identify themselves and announce their purpose or for any other reason.

gained through an unconstitutional search and seizure.

Petitioner alleges ineffective assistance of counsel as his other ground for relief. The Supreme Court set forth the standard for proving ineffective assistance of counsel in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Petitioner asserts that he was denied effective assistance of counsel by counsel's failure to file a motion to suppress on the grounds discussed above. Since the motion proposed by Petitioner would not have been successful, counsel's failure to present it did not constitute deficient performance, and Petitioner was obviously not prejudiced in any sense.

■ Petitioner next asserts that counsel represented another person who could have been a witness against him or against whom Petitioner might have been a witness and that he was prejudiced by this alleged conflict of interest because it "made it hard for defendant to make any deals with the government." There is, however, no constitutional right to a plea bargain. *Weatherford v. Bursey,* 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). Therefore, even if Petitioner could show that a conflict of interest on the part of his counsel deprived him of his opportunity to bargain, it would not constitute a denial of constitutional rights warranting relief under section 2255. *Ball v. United States,* 653 F.Supp. 44, 45–46 (E.D.Tenn.1985).

■ Another asserted basis for Petitioner's motion is that counsel "fail[ed] to object to inadmissible evidence and impermissible comments." A section 2255 motion which states conclusions without specific and detailed supporting facts may be summarily denied. *United States v. Butt,* 731 F.2d 75, 77 (1st Cir.1984). Plainly, Petitioner's motion is too vague since it does not even hint at the evidence and comments to which it refers.

■ The Court notes, however, that on direct appeal Petitioner raised several objections to the admission of evidence and examination of witnesses and to comments by the prosecutor in closing argument. The Court of Appeals examined these claims of error at trial for "plain error" because trial counsel (who was different from appellate counsel) had not proffered timely objections to the evidence or the comments. The Court of Appeals determined that "there is nothing in the summation or in the district court's evidentiary rulings which supports the notion that the claimed shortcomings, singly or in combination 'seriously affect[ed] the fundamental fairness and basic integrity of the proceedings conducted below.' " *United States v. Hunnewell,* 891 F.2d 955 (1st Cir.1989). Assuming that Petitioner here is asserting ineffectiveness of counsel based on counsel's failure to object to the evidence and comments subsequently challenged on direct appeal, he is clearly not entitled to relief. As the Supreme Court stated in *Strickland,* in order to prove ineffective assistance of counsel, Petitioner must show that counsel's errors were "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064. The Court of Appeals has already determined that Petitioner was not deprived of a fair trial because of the admission of the challenged evidence and comments. When an issue has been dispositively adjudicated on appeal, it is foreclosed and may not be renewed under section 2255. *United States v. Underwood,* 440 F.Supp. 499, 450 (D.R.I. 1977).

■ Finally, Petitioner charges ineffective assistance of counsel because of counsel's alleged failure to locate witnesses who would have aided Petitioner in his defense. Petitioner has neither named the potential

witnesses nor described the testimony they might have given in his defense. Again, therefore, the allegations are too conclusory, and this claim warrants summary dismissal. *United States v. Butt*, 731 F.2d at 77.

Accordingly, it is ORDERED that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 be, and it is hereby, DENIED.

So Ordered.