Claudio **PEREZ–CALO, Petitioner,**

v.

**UNITED STATES of America,
Respondent.**

Civ. Nos. 90–2500 (JAF), 90–2501 (JAF).
Crim. Nos. 85–507 (JAF), 86–544 (JAF).

United States District Court,
D. Puerto Rico.

Feb. 20, 1991.

Claudio Pérez–Calo, pro se.

Jorge E. Vega–Pacheco, Asst. U.S. Atty.,
and Daniel F. López–Romo, U.S. Atty., San
Juan, P.R., for the U.S.

### OPINION AND ORDER

FUSTE, District Judge.

Petitioner Claudio Pérez–Calo pled guilty
to two violations of 18 U.S.C. § 751(a) and

was sentenced to consecutive five-year
terms of imprisonment. Petitioner is now
before the court pursuant to 28 U.S.C.
§ 2255 arguing that the court was without
jurisdiction to impose the above sentence
because he had completed his prior federal
sentence and was therefore no longer un-
der federal custody. For the reasons stat-
ed below, we dismiss plaintiff's petitions in
Civil Nos. 90–2500 and 90–2501.

### I.  *Discussion*

In July 1977, petitioner pled guilty to a
one-count indictment charging him with
bank robbery and use of a dangerous
weapon in the commission of a robbery in
violation of 18 U.S.C. §§ 2113(a) and (d).
On August 19, 1977, this court (Torruella,
J.) sentenced petitioner to a ten-year term
of imprisonment. Also, at the time there
were various criminal charges pending
against petitioner in the local courts. Peti-
tioner was committed to the Bayamón Re-
gional Facility and, in May 1978, was trans-
ferred to the Federal Correctional Institu-
tion in Tallahassee, Florida.

The next years saw the petitioner in and
out of various federal and state penal insti-
tutions. Of importance to us here is a
probation document signed by petitioner on
January 27, 1981, whereby he acknowl-
edged that he would be on federal parole
until April 28, 1987 and, if freed by the
Puerto Rico authorities on state charges
prior to this date, would have to report to
federal probation authorities. After being
returned to local prison, he was convicted
for violations of both local law and the
terms of his federal probation by possess-
ing a controlled substance. Federal parole
was revoked and petitioner was returned to
federal prison. On July 11, 1983, he was
again released from federal prison and
again incarcerated by Puerto Rico authori-
ties. Release from local prison came on
February 14, 1984. On September 25,
1984, petitioner was once more committed
to the federal prison in Lewisburg and in
October his parole was again revoked. At
this time it was computed that his remain-
ing parole violation term was five years,
nine months, and twenty-four days, with a
statutory release date of June 21, 1988.

The U.S. Parole Commission granted him a parole effective date of October 26, 1985.

In a letter dated June 18, 1985, the program director of Hogar Crea Halfway House ("Hogar Crea"), a substance abuse treatment facility in Puerto Rico, agreed to accept petitioner into their program as of July 26, 1985. It was from Hogar Crea that petitioner escaped in November 1985, giving rise to the first of the two current criminal convictions. The second indictment arose from an escape by petitioner from Stop 8 Municipal Jail in San Juan, Puerto Rico on October 15, 1986, after he was committed there in connection with Criminal Case No. 85–507. Our above discussion should dispel any doubt that petitioner was always in the custody of the Attorney General or his designated representative from 1977 to the date of his first escape.

The elements which must be proven for conviction under section 751(a) are: (1) that defendant had been in the custody of the Attorney General, (2) as the result of a conviction, and (3) that he had escaped from custody. *United States v. Bailey,* 444 U.S. 394, 407, 100 S.Ct. 624, 633, 62 L.Ed.2d 575 (1980). Petitioner's argument that he had "finished" his federal sentence goes to the first element of section 751(a), the custody of the Attorney General. If, in fact, petitioner had finished his sentence, thus terminating the custody of the Attorney General, then escaping from the Hogar Crea Halfway House would have represented a personal decision to terminate a substance abuse treatment program.[1]

However, our recitation of the facts clearly leads us to a different conclusion. Petitioner was placed at Hogar Crea by the Federal Bureau of Prisons in order to receive substance abuse treatment. Petitioner was not at liberty to leave the facility. For purposes of the statute, a halfway house has been found to be one type of placement where the Attorney General may assign certain types of offenders. *See*

*United States v. Taylor,* 485 F.2d 1077, 1078 (D.C.Cir.1973); *United States v. Vaughn,* 446 F.2d 1317, 1318 (D.C.Cir. 1971). Consequently, placement at Hogar Crea was an authorized placement of the Attorney General. As to petitioner's argument that he had "finished" his sentence, even, *arguendo,* using the earliest applicable date, April 1987, petitioner's first escape was well before the end of his statutory term. It is clear that when petitioner escaped the first time, he was in the custody of the Attorney General. Since petitioner's second escape was during the pendency of court proceedings, there is no question as to the issue of custody. Therefore, with respect to both of petitioner's escapes, his argument must fail.

## II.  *Conclusion*

Pursuant to Rule 4(b) of the Rules Governing Proceedings in United States District Courts under 28 U.S.C. § 2255, we find no need to grant an evidentiary hearing because petitioner's claims are conclusively refuted or otherwise resolved by documents of record. *See Panzardi–Alvarez v. United States,* 879 F.2d 975, 985 n. 8 (1st Cir.1989), *cert. denied,* —— U.S. ——, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990), and cases cited therein.

The petitions in both cases are therefore DENIED.

IT IS SO ORDERED.

---

1. We make no finding as to the issue of the validity of withdrawal from a halfway house program where the person has been committed by the Attorney General. Case law suggests that where a person is confined by the Attorney General, legal process, and not self-help, is the proper means for procuring release. *See Mullican v. United States,* 252 F.2d 398, 403 (5th Cir.1958).