**Richard Alan WEST, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Civ. No. 91–297–P–C.**

United States District Court, D. Maine.

Dec. 30, 1991.

Richard Alan West, pro se.

F. Mark Terison, Asst. U.S. Atty., Richard S. Cohen, U.S. Atty., D. Me., Portland, Me., for respondent.

## OPINION AND ORDER

FUSTE, District Judge, sitting by designation.

Petitioner Richard Alan West was convicted by a jury of three counts of distributing cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 18 U.S.C. § 2, and was acquitted of a fourth count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. He was sentenced to fifty-five months on each of the three counts, the sentences to be served concurrently. The conviction and sentence were affirmed on appeal. *United States v. Zuleta–Alvarez*, 922 F.2d 33 (1st Cir.1990); *cert. denied, sub nom Ramírez–Fernández v. United States*, — U.S. —, 111 S.Ct. 2039, 114 L.Ed.2d 123 (1991). Petitioner is now before the court on a motion to set aside, vacate or correct the sentence pursuant to 28 U.S.C. § 2255. On October 24, 1991, the court (Carter, J.) ordered the United States Attorney to file an answer. The case was then referred to the undersigned as sentencing judge. Having reviewed the parties' filings, we dismiss the petition.

■ We first note that we dismiss West's section 2255 petition without an evidentiary hearing. The court must therefore find that, accepting petitioner's allegations as true, he is entitled to no relief; however, the court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Michaud*, 925 F.2d 37, 39 (1st Cir.1991) (quoting *Dziurgot v. Luther*, 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam). "Even if a § 2255 motion is facially adequate, a hearing is not necessary before dismissal if the motion is 'conclusively refuted as to the alleged facts by the files and records of the case.'" *Myatt v. United States*, 875 F.2d 8, 11 (1st Cir.1989)

(quoting *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974)); *Pérez–Calo v. United States,* 757 F.Supp. 1, 2 (D.P.R.1991). Applying these standards, we find no need for a hearing to rule on the petitioner's motion.

West's first alleged error is that the court failed to make written findings as to the objections raised by defendant in the presentence report. The remedy sought is a new sentencing hearing. We disagree. The written findings were made by the court and were attached to the defendant's judgment and commitment order, rather than his presentence report, as mandated by Fed.R.Crim.P. 32(c)(3)(D). The government has submitted an affidavit from Edward A. Bouley, case management specialist at the Federal Correctional Institution, Danbury, Connecticut, stating under the penalty of perjury that he has made a copy of the court's findings, attached them to the presentence report, and has given a copy to petitioner. He also certified that the Bureau of Prisons' central file contains both documents. Since the attachment requirement of Fed R.Crim.P. 32(c)(3)(D) has been met, we find no need for further action by this court and dismiss this ground. *See United States v. Ramirez,* 948 F.2d 66, 68 (1st Cir., 1991); *United States v. Santana–Camacho,* 931 F.2d 966, 970 (1st Cir.1991).

As petitioner's second ground for sentence correction, he argues that the court erred in finding him capable of paying the minimum fine. Specifically, he objects to the court allegedly basing its finding that a fine should be imposed in this case on the probation officer's response to petitioner's objection to paragraph 126 in the presentence report, where it was mentioned that West had made no accounting of the proceeds from drug sales. He argues that to submit such a statement would amount to self-incrimination. We again find no merit in petitioner's contention.

As the government correctly notes, sentencing guideline section 5E1.2(a) provides that the "court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." U.S.S.G. § 5E1.2(a). The court may impose a lesser fine or waive it altogether only where the defendant establishes either that: "(1) he is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine required ... or (2) imposition of a fine would unduly burden the defendant's dependents...." U.S.S.G. § 5E1.2(f). Here, the court imposed the minimum fine, $7,500, to be paid in installments over the five-year period of supervised release. In ordering installment payments, the court recognized that petitioner would most likely pay the fine from monies earned from gainful employment after his release.

The petitioner has failed to meet his burden of producing evidence to establish not only a *present* inability to pay—as he argues in his section 2255 motion—but also the likely *future* inability to pay the fine, even using an installment plan. Along with failing to provide sufficient data to illuminate his financial circumstances at the time of sentencing, he has come forward with no evidence that he cannot be gainfully employed upon release; nor does he make a showing that the fine would unduly burden his dependents. Without such evidence, the fine imposed will stand. *See United States v. Bradley,* 922 F.2d 1290, 1298 (6th Cir.1991); *United States v. Pérez,* 871 F.2d 45, 48 (6th Cir.); *cert. denied,* 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989).

In adopting the probation officer's response to West's objection to the presentence report, we simply recognized that there was not sufficient evidence to determine whether the fine should be waived or reduced. In his objection, defendant insisted on standing by his earlier financial affidavit sworn at the time of his arrest. It was not West's failure to come forward with an accounting of his ill-gotten gain; but rather his refusal to come forward with *any* accounting that led the court to apply the fine mandated by section 5E1.2(a) and not find a basis for the exception of section 5E1.2(f). We, therefore, dismiss petitioner's second ground.

■ The third ground for resentencing proposed by plaintiff is that the presentence report itself was not sufficiently thorough and that he is entitled to resentencing based on a thorough and unbiased report. Dismissal of this ground merits little discussion. The report was disclosed to West and his counsel prior to sentencing; numerous objections were made by petitioner; and amendments or responses were made by the probation officer and included in the report. In sum, defendant was given ample opportunity to both augment and challenge the presentence report prior to sentencing. We, therefore, find that the report is not subject to collateral attack under section 2255.

■ The next ground proffered by West is that the sentencing court erred in its determination of the amount of cocaine in arriving at the base offense level. Petitioner argued and lost on the same issue on appeal. *Zuleta–Alvarez*, 922 F.2d at 35–37. The First Circuit found that there were sufficient indicia of reliability to use government-proffered testimony in establishing the amount of cocaine with which West was involved. *Id.* at 37. Since this issue has been decided on direct appeal, it cannot now be revived by a section 2255 motion. *United States v. Butt*, 731 F.2d 75, 76 n. 1 (1st Cir.1984); *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967); *Hunnewell v. United States*, 738 F.Supp. 582, 585 (D.Me.), *aff'd*, 923 F.2d 839 (1st Cir.1990).

West also argues that he should have received a "downward departure," again basing his argument on the fact that the court used testimonial evidence involved in the conspiracy count—of which he was acquitted—to determine the amount of cocaine he possessed. He argues that his sentence was "enhanced" from base offense level 14 to base offense level 18 based on the "conspiracy" evidence and seeks a downward reduction as a "minor participant" in the conspiracy.

Here, we think that petitioner simply misapprehends how sentences are calculated using the guidelines. West's base offense level was established by grouping together the three counts pursuant to U.S.S.G. § 3D1.2(d) and then using the applicable offense provision U.S.S.G. § 2D1.1(a)(3). Since the amount of cocaine was established to be between 200–300 grams, the guideline base offense level was 20. The court then reduced the base level by two for petitioner's acceptance of responsibility made at sentencing, which accounts for the adjusted base offense level of 18. No "enhancement" to the offense level was made. The government came forward with evidence linking plaintiff to 285.15 grams of cocaine and it was from this amount that the court derived West's base offense level. Petitioner, therefore, was only sentenced based on the amount of cocaine for which he was found responsible. Accordingly, this ground must also fail.

Finally, petitioner raises an ineffective assistance of counsel claim arguing that his attorney's performance fell below constitutionally-minimal standards of representation in: (1) his cross-examination of government witnesses; (2) his closing argument; and his failures (3) to give the presentence report to defendant, (4) to seek a presentence conference, and (5) to allow petitioner a sufficient amount of time to study the presentence report. Here again the trial record, as well as the exhibits submitted by the government in their opposition, contradict petitioner's allegations and mandate dismissal.

The First Circuit's statement of the standard to set aside a conviction because of ineffective assistance of counsel is when:

(a) considering all the circumstances, counsel's performance fell below an objective standard of reasonableness, and (b) there is a reasonable probability that, but for counsel's unprofessional error, the result of the proceedings would have been different.

*López–Nieves v. United States*, 917 F.2d 645, 648 (1st Cir.1990). *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Panzardi–Alvarez v. United States*, 879 F.2d 975, 982 (1st Cir.1989) (*Strickland* test applied in the context of counsel's performance

where a defendant pleads guilty), *cert. denied*, 493 U.S. 1082, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990). Applying this standard to each of the claimed errors committed by defense counsel, we find no sixth amendment violation warranting the setting aside of West's conviction.

We agree with the government that petitioner's allegations as to his counsel's cross-examination of government witnesses are conclusory. West claims that he had specific questions which "he wanted put to the witnesses" but that counsel responded that "he [counsel] did not want to draw attention to the defendant" and wanted petitioner to maintain "a low profile." Yet petitioner has not come forward with specific examples of questions and names of witnesses; nor does he identify how such testimony would have changed the outcome other than to state that the questions would have "discredited" the witnesses. Petitioner has simply not come forward with sufficient factual allegations to warrant further proceedings on this claim.

Also, even if the allegations were deemed sufficient, they reveal a calculated trial strategy by petitioner's counsel. West was indicted not only on the substantive distribution counts, but also on a conspiracy charge. His allegation that counsel wanted him to maintain a low profile seems consistent with a trial strategy seeking to distance petitioner from the other defendants. In fact, this strategy met with success as petitioner was the only one of the four defendants acquitted on the conspiracy charge. Such tactical decisions are "deemed to be effective assistance." *United States v. Tabares*, 951 F.2d 405, 409 (1st Cir.1991) (quoting *United States v. Simone*, 931 F.2d 1186, 1196 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 584, 116 L.Ed.2d 609 (1991).

Much the same reasoning can be cited for the tactic used in counsel's closing argument. The closing argument again reflects attorney Beneman's strategy of seeking to separate West from his codefendants in order to create reasonable doubt with respect to the conspiracy count. Given that 6.762 kilograms of cocaine were in-

volved in this latter count, defense counsel's tactic was both understandable and prudent. In any event, by no means did counsel's performance at closing argument fall below that of a reasonable advocate so as to be deemed "ineffective". On the contrary, this judge's recollection is that defense counsel was well prepared throughout trial and his closing argument was sufficiently effective to result in West's acquittal on the conspiracy count. At most, his choice to put before the jury that West "may well" sell drugs or be a cocaine addict—in the context of emphasizing the government's burden of proof—can be considered calculated trial tactics not subject to an ineffective assistance challenge simply because they failed. *Tabares*, 951 F.2d at 409.

As to counsel's alleged failures during the presentencing stages, we need not tarry long. The probation officer who prepared the presentence report certified that the report, defendant's objections, and their resolution were contained in the amended report and the addendum. Petitioner made new numerous objections, including one arguing that the base offense level should be 14 and not 20. (*Addendum*, ¶ 55). Included also in the objections were details about siblings' ages, statements relating to his separation from his wife, and the commitment status of his son. All of these details refute petitioner's claim that his counsel failed to consult and share the contents of the report or that he did not have adequate time to suggest amendments and make objections.

The government also submitted correspondence between petitioner and counsel in which Beneman thoroughly discussed the events leading up to sentencing. West was made aware that the government was going to argue that an additional half-pound of cocaine should be included in the calculation of petitioner's base offense level. Counsel argued against using the government's evidence both before the sentencing court and on appeal. We think that counsel effectively represented petitioner throughout the trial and sentencing proceedings and the latter remained ade-

quately apprised with respect to his sentencing. Again, the fact that petitioner lost on this issue is not sufficient to maintain an ineffective assistance claim.

Having found that petitioner West has raised no grounds where relief can be granted pursuant to 28 U.S.C. § 2255, we DISMISS the petition.

IT IS SO ORDERED.