Giuseppe PELLERITO, Petitioner,

v.

UNITED STATES of America, Respondent.

Civ. No. 91–1858 (JAF).

Crim. No. 87–685.

United States District Court, D. Puerto Rico.

Dec. 31, 1991.

Robert Odasz, Florida, P.R., for petitioner.

Guillermo Gil, Trial Atty., U.S. Dept. of Justice, San Juan, P.R., for respondent.

OPINION AND ORDER

FUSTE, District Judge.

On June 7, 1988, the second day of trial, petitioner Giuseppe Pellerito informed the court that he wished to change his plea to guilty. Thereafter, a hearing was held pursuant to Fed.R.Crim.P. 11, at which petitioner plead guilty to one count of a multi-count superseding indictment charging conspiracy to possess with intent to distribute amounts of cocaine and heroin in excess of one kilogram, in violation of 21 U.S.C.

§ 841(a)(1) and § 846. (Criminal Docket Document No. 814). Eight weeks later, after having retained new counsel, he filed a motion seeking to withdraw his plea. (Docket Document No. 900). After a hearing held on August 24–26, 1988, we issued a bench ruling denying Pellerito's motion and later issued an Expanded Opinion and Order detailing the court's bases for its decision. *United States v. Pellerito*, 701 F.Supp. 279 (D.P.R.1988). On September 14, 1988, Pellerito was sentenced to an 18–year term of imprisonment, a fine of $250,-000, and a special monetary assessment of $50 pursuant to 18 U.S.C. § 3013. (Criminal Docket Document No. 979). Petitioner appealed the order denying his withdrawal of plea and the United States Court of Appeals for the First Circuit affirmed this court's order, as well as the ensuing judgment and sentence. *United States v. Pellerito*, 878 F.2d 1535 (1st Cir.1989). On January 22, 1990, petitioner filed a motion seeking amendment of the presentence report and a reduction of sentence pursuant to Fed.R.Crim.P. 35, which was denied by the court on February 2, 1990. (Docket Document No. 1189). Petitioner then appealed this order and the appellate court issued an opinion dated November 14, 1990, again affirming this court's decision. *United States v. Pellerito*, 918 F.2d 999 (1st Cir.1990). On March 8, 1991, Pellerito moved to correct the judgment and the presentence report pursuant to Fed. R.Crim.P. 36 to reflect the fact that he was convicted for activities connected only with heroin and not cocaine. (Criminal Docket Document No. 1259). The court granted this motion and entered an amended judgment on April 3, 1991. (Docket Document No. 1262). Petitioner has now filed a motion under 28 U.S.C. § 2255 seeking to vacate the sentence on the ground of ineffective assistance of counsel. Because we find that the ineffective assistance claim has been thoroughly and conclusively decided by both the trial and appellate courts, we deny Pellerito's motion and dismiss his petition.

■ We first note that we dismiss Pellerito's section 2255 petition without an evidentiary hearing. The court must, therefore, find that, accepting petitioner's allegations as true, he is entitled to no relief; however, the court does not have to accept as true allegations that "are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *United States v. Michaud*, 925 F.2d 37, 39 (1st Cir.1991) (quoting *Dziurgot v. Luther*, 897 F.2d 1222, 1225 (1st Cir.1990) (per curiam). "Even if a § 2255 motion is facially adequate, a hearing is not necessary before dismissal if the motion is 'conclusively refuted as to the alleged facts by the files and records of the case.'" *Myatt v. United States*, 875 F.2d 8, 11 (1st Cir.1989) (quoting *Moran v. Hogan*, 494 F.2d 1220, 1222 (1st Cir.1974)); *Pérez–Calo v. United States*, 757 F.Supp. 1, 2 (D.P.R.1991). Applying these standards, we find no need for a hearing to rule on petitioner's motion.

■ While petitioner asserts five claims based on ineffective assistance,[1] we think that only three require any additional comment to that found both in our earlier opinion and order, *Pellerito*, 701 F.Supp. at 281–95, and in the First Circuit's opinion affirming this court's ruling, *Pellerito*, 878 F.2d at 1538–41. Pellerito claims that he has "new evidence" which requires reconsideration of the ineffective assistance claim. The evidence presented establishes that attorney Ivan Fisher, during the period that he represented petitioner, was under investigation by federal authorities for income tax evasion. According to Pellerito, this evidence demonstrates both that Fisher lacked diligence in the investigation and preparation of his case and that the attorney's own criminal investigation represented an actual conflict of interest with his representation of Pellerito in the proceedings before this court. As a third basis for setting aside the conviction, petitioner cites attorney Emanuel Moore's current opinion memorialized in an affidavit stating that, upon further reflection, he was not sufficiently prepared to try petitioner's case. We find these claims without merit.

---

1. *See* Docket Document No. 1, *Memorandum of*   *Fact and Law,* at 3–4.

The first claim—that counsel's preoccupation with his own imminent criminal prosecution affected the level of diligence with which he represented petitioner—is simply not borne out by the record. In our earlier opinion we found that, contrary to Pellerito's asseverations, Fisher's pretrial representation of petitioner fell within the "wide range of professionally competent assistance" and, therefore, did not fall below the objective standard of reasonableness necessary to raise a sixth amendment claim. *Pellerito*, 701 F.Supp. at 286–88, 291–92. *See Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 2066, 80 L.Ed.2d 674 (1984). We specifically found that his review of the tapes obtained by wiretap and electronic surveillance were adequate and that his decision not to challenge them with a pretrial suppression order was a strategic choice, the same choice made by *all* of the other attorneys representing codefendants in the case. *Id.* at 292. We made these findings after hearing testimony from Pellerito and from attorneys Fisher, Moore, and Julio Morales–Sanchez, Pellerito's local counsel. The appellate court found the claim conclusively resolved by this court and added that petitioner failed to show prejudice attributable to the absence of the suppression motion. *Pellerito*, 878 F.2d at 1539–40. Petitioner fails again in the context of his section 2255 motion to cite *any* evidence that would suggest that the tapes might be subject to suppression. In the context of this case, without some showing that, had the suppression motion been made there would have been some possibility of its success, there can be no finding of prejudice which in turn might trigger an ineffective assistance claim.

■ The other ground argued by Pellerito with respect to Fisher is that the latter's on-going criminal investigation resulted in an actual conflict of interest. Petitioner cites as evidence of the conflict a visit made to Pellerito by Fisher eight days before trial where he offered him the opportunity of testifying in New York against Pasquale Conti. Pellerito seeks to transform this "mere conveyance of offer" into "a blatant attempt to persuade" petitioner's cooperation in exchange for favorable treatment in Fisher's own tax evasion investigation. (Petitioner's Memorandum at 9–10).

First of all, we note that the cited conversation was held a short time before trial and more than one year before the August 1989 criminal information was filed against Fisher. It would seem premature for Fisher to offer such assistance to the government well before any official action had been taken against him. Secondly, other than seeking to impugn Fisher's motivation for bringing the government's offer, petitioner once again gives no explanation as to how this pretrial offer adversely affected Fisher's representation. Presumably the government made the offer in order to further other criminal investigations. Fisher served simply as the messenger. The offer was not accepted. Given these facts, we are not at all convinced that plaintiff has alleged a "conflict" sufficient to implicate sixth amendment concerns.

■ Even if we were to find that Fisher's tax evasion problems in New York at the time he was representing Pellerito for federal narcotics law offenses in Puerto Rico represented a potential conflict (which we do not), it would still be insufficient to state a constitutional violation requiring the setting aside of petitioner's sentence. In *Cuyler v. Sullivan*, 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980), the United States Supreme Court held,

> that the possibility of conflict is insufficient to impugn a criminal conviction. In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance.

We think that the facts presented by petitioner give rise to, at most, a possible conflict of interest. Without further facts to show that there was an actual conflict and how this conflict adversely affected Fisher's performance in representing Pellerito, petitioner has alleged no sixth amendment violation and therefore is entitled to no relief under section 2255.

Finally, plaintiff comes forward with an affidavit from attorney Moore who, in fact, represented Pellerito at the change of plea hearing (Fisher having been dismissed prior to trial). In the affidavit, Moore recants his former testimony that, although he had only a few days to prepare, he had felt ready on the first day of trial. *Pellerito*, 878 F.2d at 1540–41. Moore bases his present opinion on "a subsequent review of records and court testimony." Again he mentions Fisher's failure to file a timely suppression motion as to the tapes and his own lack of time to prepare as evidence that petitioner suffered from ineffective assistance.

■ First of all, we note that this court examined Moore's performance at trial and at the change of plea hearing and found it within the standard of reasonable attorney performance. *Pellerito*, 701 F.Supp. at 292–95. The First Circuit affirmed this decision. *Pellerito*, 878 F.2d at 1540–41. Normally, when an issue has been decided on direct appeal, it cannot later be resurrected through a section 2255 motion. *United States v. Butt*, 731 F.2d 75, 76 n. 1 (1st Cir.1984); *Dirring v. United States*, 370 F.2d 862, 864 (1st Cir.1967); *Hunnewell v. United States*, 738 F.Supp. 582, 585 (D.Me.), *aff'd*, 923 F.2d 839 (1st Cir.1990). We find nothing in petitioner's collateral motion that would mandate departure from this rule.

Also, we think that the Supreme Court's comments in *Strickland* on the need for judicial deference in scrutinizing attorney performance apply with equal force to both petitioner's claim and Moore's own reconsideration of his prior performance.

[I]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. [cite omitted]. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

*Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065 (citation omitted).

In his own affidavit, attorney Moore demonstrates the wisdom of the Supreme Court's reasoning cited above. He admits that, at the time of trial, he "believed" that he was ready to go forward to try Pellerito's case. (Docket Document No. 1, *Exhibit E*, at ¶ 3). Now, more than three years after the plea was accepted, he finds fault with his own prior judgment. Like Pellerito's section 2255 counsel, Moore fails to alert the court as to any prejudice which might have resulted from Fisher's failure to file a suppression motion or how Moore's performance at trial and the change of plea hearing fell below the objective standard of reasonableness enunciated in *Strickland.* As in the case of all competent professionals, hindsight provides the context to review paths not taken; ideas and strategies not developed; and errors committed. Yet, the ineffective assistance focus must remain on the attorney's performance *at the time it was rendered.* Reviewing the facts and circumstances surrounding Moore's representation, including his own testimony at the plea withdrawal hearing, we conclude that our prior ruling affirmed on appeal—that Moore's representation did not fall below *Strickland's* objective standard of reasonableness—must stand. *Pellerito*, 701 F.Supp. at 293; *Pellerito*, 878 F.2d at 1540–41.

Having reviewed Pellerito's claims and finding no basis to vacate or set aside the sentence, we *deny* his motion and *dismiss* his 28 U.S.C. § 2255 petition.

IT IS SO ORDERED.